[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14925
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cv-01650-KOB


TIMOTHY CONNER,

Plaintiff - Appellant,

versus

SAMMY'S GENTLEMEN'S CLUB,
a.k.a. SJB Corporation,

Defendant - Appellee,

MARIO ROSS,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 2, 2018)

Before MARTIN, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Timothy Conner appeals the district court's refusal to reinstate his case after it was dismissed without prejudice due to his repeated failure to prosecute and his failure to comply with a court order. He argues his failures resulted from excusable neglect and the district court abused its discretion in denying him relief under Federal Rule of Civil Procedure 60(b). After careful consideration, we affirm.

## I.

On June 17, 2016, Conner filed this case alleging a bouncer at Sammy's Gentlemen's Club "inexplicably shoved him" as he was escorting Conner out of the club, causing Conner "to lose his balance and fall down an entire flight of brick steps striking his head on the concrete." Conner said he suffered injuries to his back, head, neck, and nervous system. He sued Sammy's for negligence, wantonness, and assault and battery.[1]

On January 25, 2017, the parties met and agreed to have discovery completed by August 31. On March 9, the district court entered a scheduling order extending the parties' agreed-upon discovery deadline to September 5. The court added its expectation that "all critical discovery (i.e., discovery necessary to

---

[1] Conner also sued the bouncer. On November 22, 2016, the district court noted Conner had failed to serve the bouncer with process within 90 days of filing the lawsuit and ordered Connor to show good cause why the action against the bouncer shouldn't be dismissed for failure to prosecute. Conner didn't file a response, and on March 9, 2017, the district court dismissed the bouncer under Federal Rule of Civil Procedure 4(m).

determine whether the case should be settled such as parties' depositions) will take place <u>before</u>" August 24, when a joint status report was due.

On July 14, Sammy's filed a motion to compel initial disclosures and discovery responses.  Sammy's said its attorney served Conner with interrogatories and requests for documents on May 17; sent a letter requesting a response on June 22; and spoke twice on the phone with Conner's attorney since June 22nd, yet Conner failed to respond to the discovery requests.  Sammy's asked the court to order Conner to file discovery responses by July 24.  The court granted the motion, but extended Conner's deadline to July 31.  Conner did not file any discovery responses.

On August 3, Sammy's moved to dismiss.  It argued Conner's failure to comply with the court's order compelling discovery responses showed a "willful refusal to engage in the discovery process or obey the Court's order" and asked the court to dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 37(b).  Conner's attorney responded that Conner had to travel a lot for work and that the attorney hadn't been able to get in touch with him by phone or email since mid-May.  Instead of dismissing the case, Conner's attorney asked the court to stay discovery for 90 days while he tried to locate his client.  Sammy's filed a reply, arguing it had already been prejudiced by the delay.  Sammy's said it incurred "substantial additional legal fees" trying to defend this action without

Conner's participation in discovery. It argued 90 days was excessive and Conner's "pattern of conduct amount[ed] to want of prosecution."

On August 23, while the motion to dismiss was pending, the parties filed a joint status report. The parties stated "[d]iscovery ha[d] been at a standstill as a result of Plaintiff's failure to communicate with his counsel" and their "ability to discuss settlement prospects [had] been frustrated by Plaintiff's absence."

Two days later the district court granted the motion to dismiss under Federal Rules of Civil Procedure 37(b) and 41(b). The court determined Conner "ha[d] both failed to prosecute this case and to comply with this court's July 20 order to provide discovery, and his failures to act ha[d] prejudiced Defendant already." The court denied Conner's attorney's request for a 90-day stay and dismissed the case without prejudice.

A month later, Conner moved to reinstate his case. Conner explained that the court's dismissal without prejudice operated as a dismissal with prejudice because the statute of limitations had run on his claims. He argued his failures to provide discovery responses and to follow the court's July 20 order did not warrant the sanction of dismissal as those failures were "wholly attributable to excusable neglect." In an attached declaration, Conner said he had been traveling for work since he filed the lawsuit; he had intermittent cell phone service; did not own a laptop computer; and did not have regular affordable internet service while

traveling.  He explained he was only recently able to talk to his attorney and asked the district court to reinstate his case under Rule 60(b).  He attached completed discovery responses and said he was "ready to prosecute" his case.

Sammy's responded that Conner had posted pictures and comments on Facebook at least 224 times since he filed this lawsuit, which showed he did have phone and internet service contrary to his declaration.  It attached a copy of all the date-stamped posts and a declaration authenticating them.  Sammy's argued Conner's failure to talk to his attorney "at least as frequently as he was able to connect with his friends on Facebook" was not excusable neglect.  Sammy's also argued Conner's false declaration shows he wasn't acting in good faith and asked the district court to deny Conner's motion to reinstate.

The district court denied Conner's motion.  The court determined the Facebook posts contradicted Conner's claim that he wasn't able to talk to his attorney because he didn't have phone or internet service.  And the court determined that reinstatement would cause prejudice to Sammy's based on its earlier finding that Conner's failures to prosecute and to comply with the court's order had already caused Sammy's prejudice.  This appeal followed.

II.

A district court's denial of relief under Rule 60(b) is reviewed for abuse of discretion.  BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275 (11th

Cir. 2008).  Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment" for various reasons, including "excusable neglect." Fed. R. Civ. P. 60(b)(1).  Relief for excusable neglect is due if the "failure to comply with a filing deadline is attributable to negligence."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394, 113 S. Ct. 1489, 1497 (1993).  "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," which include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Id. at 395, 113 S. Ct. at 1498.

At issue in this case is not whether dismissal was appropriate in the first place, but whether relief from dismissal was warranted based on Conner's alleged inability to communicate with his attorney.  We think not.  The Facebook posts belied Conner's claim that he had intermittent cell phone service and irregular access to affordable internet service while traveling for work and thus could not communicate with his attorney.  On this record, the district court did not abuse its discretion in denying relief.  See id.; BUC Int'l Corp., 517 F.3d at 1275.

**AFFIRMED.**

6